UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

Center for Food Safety, Inc.,

        Plaintiff,

  v.                                5:23-CV-399
                                         (MJK)

Wood Farms, LLC.

        Defendants.

---

Charles M. Tebbutt, Esq., for Plaintiff
Donald E. Spurrell, Esq., for Plaintiff
David L. Cook, Esq., for Defendants
Nicholas Roberts, Esq., for Defendants

Mitchell J. Katz, United States Magistrate Judge

## MEMORANDUM DECISION & ORDER

## I.    BACKGROUND

In this Federal Water Pollution Control Act (Clean Water Act) case, Center for Food Safety alleges that pollutants from Wood Farms' production area is reaching the farm's inlets and polluting the navigable waters of the United States. On December 11, 2025, this Court heard oral argument on the Food Safety's motion for partial summary judgment. About two months later, this Court denied Food Safety's motion. (Dkt. 155). Now, Food Safety moves for reconsideration. (Dkt. 159). Wood Farms responded. (Dkt. 162).

## II.   DISCUSSION

**The Court denies Food Safety's motion for reconsideration because it does not even attempt to reach the standard's high burden.**

The Court denies Food Safety's motion for reconsideration. District Courts can only grant a motion for reconsideration if the movant identifies: (1) intervening change of controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error or prevent manifest injustice. Here, Food Safety does not claim that the law has changed, there is new evidence, or that there is clear error or manifest injustice. In consequence, the motion is denied.

District Courts have the "inherent power to reconsider any of its own entries prior to the entry of a judgment adjudicating all the claims." *Blond v. Leonard*, 277 F. Supp. 3d 420, 423 (W.D.N.Y. 2017) (citing Fed. R. Civ. P. 54(b)). But "reconsideration of earlier decisions under Rule 54(b)" are limited because "those decisions [are] law of the case." *Blond*, 277 F. Supp. 3d at 423 (quoting *Official Comm. Of Unsecured Creditors of the Color Tile, Inc. v. Coopers & Lybrand, LLP.,*

332 F.3d 147, 167 (2d Cir. 2003)).[1] "Where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Zdanok v. Glidden Co., Durkee Famous Foods Div.*, 327 F.2d 944, 953 (2d Cir. 1964) (cleaned up). So district courts can "only" grant "[a] motion for reconsideration . . . when the [movant] identifies [(1)] an intervening change of controlling law, [(2)] the availability of new evidence, or [(3)] the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013).

Center for Food Safety is not entitled to reconsideration. To start, Food Safety has not identified any change in controlling law. *See generally* (CFS Mot. for Reconsideration, Dkt. 159). Food Safety's first "argument[] [is], in essence, [an] attempt[] to relitigate issues discussed in the prior Decision and Order." *Blond*, 277 F. Supp. 3d at 424. So Food Safety's motion for reconsideration cannot be granted on the grounds of an intervening change in controlling law." *Id.* Next, Food Safety's motion does not identify newly discovered evidence. *See generally* (CFS

---

[1] Food Safety moves for reconsideration under Fed. R. Civ. P. 54(b), not Fed. R. Civ. P. 59 as Wood Farm suggests. *Compare* (CFS. Mot. for reconsideration, Dkt. 159, at pg. 1) *with* (Wood Farms response, Dkt. 162, at pg. 2).

Mot. for Reconsideration, Dkt. 159). Again, Food Safety fails to meet the reconsideration standard. *See Ceccarelli v. Morgan Stanley Priv. Bank, N.A.*, No. 25-443-CV, 2025 WL 2992528, at \*4 (2d Cir. Oct. 24, 2025) (summary order) (finding "no abuse of discretion in the denial of the reconsideration motion, which sought to relitigate issues already decided and failed to identify any new legal or factual matter overlooked by the district court."). Finally, "the Court" neither "clearly err[ed] in its prior Decision and Order nor does [Food Safety] point to a manifest injustice that would compel reconsideration. *Blond*, 277 F. Supp. 3d at 425 (denying motion for reconsideration). In short, the Court declines to reconsider Food Safety's motion for partial summary judgment. *See, e.g., Marvin v. Allen*, No. 23-CV-5947, 2025 WL 1911558, at \*2 (S.D.N.Y. July 11, 2025) (denying the motion for reconsideration because "[the movant] raise[d] the same arguments previously dismissed and fails to assert any intervening change of controlling law, new evidence, or clear error that would warrant reconsideration.").

## III.  CONCLUSION

**WHEREFORE,** based on the findings above, it is

4

**ORDERED,** that Center for Food Safety's motion for

reconsideration (Dkt. 159) is **DENIED**.

Dated: April 6th, 2026

_____

Hon. Mitchell J. Katz
U.S. Magistrate Judge