UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

Center for Food Safety, Inc.,

                Plaintiff,

      v.                                      5:23-CV-399
                                                    (MJK)

Wood Farms, LLC.

                Defendant.

_____

Charles M. Tebbutt, Esq., for Plaintiff
Donald E. Spurrell, Esq., for Plaintiff
David L. Cook, Esq., for Defendants
Nicholas Roberts, Esq., for Defendants

Mitchell J. Katz, United States Magistrate Judge

## SUMMARY BRIEFING ORDER

On March 4, 2025, while this litigation was on going, the United States Supreme Court decided *City and Cnty. of San Fransico v. U.S. EPA.* ("*San Fransico v. EPA*"), 604 U.S. 334 (2025). In that case, the court, reversing the Ninth Circuit's decision, held that 33 U.S.C. "§1311(b)(1)(C) does not authorize the EPA to include 'end result' provisions in NPDES permits." *Id.* at 355.

On September 23, 2025, Food Safety moved for partial summary judgment. (Food Safety Partial MSJ, Dkt. 122). Wood Farms responded. (Wood Farms Partial MSJ, Dkt. 125-7). Wood Farms, in its motion, argued that "any discharges of pollutants that are not from the production area are considered violations of the [ECL] under the General Permit only if they either cause or contribute to a violation of water quality standards" but that prohibition "on causing or contributing to a water quality violation is an impermissible end-result

requirement under the U.S. Supreme Court's recent decision" *San Francisco v. EPA*. (*Id.* at pg. 4) (cleaned up). Food Safety replied but did not address this argument. (Food Safety reply, Dkt. 126).

The Court heard oral argument on the motion. *See* (Dkt. 146). At the hearing, Wood Farms "suggested that" Section I.B.3 "of the permit may no longer be valid under the Supreme Court's decision" in *San Francisco v. EPA*. (Hearing, Dkt. 146, pg. 82, at lns. 8-10). But ultimately, the Court, on that day, did not consider that issue. Now, notwithstanding any purported waiver of this issue at the hearing, it does. The Court requests the parties brief the following *two* questions:

1. Whether the Supreme Court's decision in *San Francisco v. EPA* renders Section I.B.3. of Wood Farms's permit inoperable—*i.e.* Wood Farms cannot violate that part of the permit.

2. Whether if the Court found Wood Farms liable for violating Section I.B.3., can the Court impose any remedy and enter judgment against Wood Farms for violating Section I.B.3?

The parties briefing is due with their Motions in Limine.

**IT IS SO ORDERED**

Dated: April 17, 2026

_____
Hon. Mitchell J. Katz
U.S. Magistrate Judge